UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                                          CASE NO.: 17-40339-KKS
                                                                CHAPTER 13

WILLIE JASPER CHANDLER
VICKEY DENISE CHANDLER

_____Debtor(s)_____/

CHAPTER 13 TRUSTEE'S
OBJECTION(S) TO CONFIRMATION OF
CHAPTER 13 PLAN

**COMES NOW**, LEIGH D. HART, Chapter 13 Trustee, by and through her undersigned attorneys, and hereby objects to confirmation of Debtor(s)' First Amended Chapter 13 Plan (Doc. 30) for the following reasons:

1.   The Plan states that distribution to the unsecured creditors is zero percent (0%); however, the Plan base is not sufficient to pay all allowed secured, priority and administrative claims, as the filed and scheduled claims total approximately $349,462.98 and the Plan provides for a Plan base of only $153,900.00.

2.   There is a discrepancy between the amount to be paid through the Plan ($750.00) and the amount of the secured Proof of Claim filed by W.S. Badcock Corporation ($5,989.86). The Trustee has been provided with a copies of filed

Notice of Valuations ($500.00 for Furniture and $1,500.00 for Lawnmower) which do not match the proposed Plan.  Further, the Trustee objects to payment of a luxury item (Poulan riding lawnmower purchased for $3,867.85 in May 2016).

3.     There is a discrepancy between the amount to be paid through the Plan ($8,321.00) and the mortgage arrearage reflected in the Proof of Claim filed by Vanderbilt Mortgage and Finance, Inc. ($6,643.11) as the Debtor(s) Plan provides for fifty-seven (57) regular mortgage payments to be disbursed by the Trustee.

4.     The Plan fails to address the secured Proof of Claim (10 x 14 Portable Building) in the amount of $3,215.68 filed by Harrison Finance as the Order Avoiding Lien (doc. 36) does not address this collateral.

5.     The Plan provides for the priority claim of Child Support Enforcement to be paid outside the Plan.  The Debtor(s) has provided a copy of a Payment Coupon for the State of Florida Disbursement Unit; however the Trustee has not been provided with written consent from the creditor to verify that creditor has no objection to their treatment under the Plan.

6.     The Trustee cannot verify the Debtor(s)' income as disclosed on Schedule I as the Debtor(s), Willie Jasper Chandler, has failed to provide monthly operating reports to the Chapter 13 Trustee.   Further, it appears that Debtor(s), Vickey Denise Chandler, began new employment immediately prior to the petition

filing date. The Trustee is unable to verify the income and deductions disclosed on Schedule I without additional pay stubs.

7. The Plan provides for the attorney to be paid in full as a priority claim through the Plan upon confirmation; however, the Debtor(s) also proposes to make the regular monthly mortgage payments through the Plan. The attorney's fees shall be paid in full upon confirmation only if the Trustee has the funds on hand to ensure the regular monthly mortgage payment is paid pursuant to the Plan.

8. There is a discrepancy between the amount to be paid through the Plan ($19,270.00) and priority Proof of Claim filed by Department of the Treasury - Internal Revenue Service in the amount of ($27,698.58).

9. The Debtor(s)' Plan states the Yamaha/GEMB claim shall be surrendered. There is a discrepancy between the amount of the claim shown on the face of the Plan and the Proof of Claim filed. The Trustee intends to pay the established unsecured deficiency portion of the filed claim absent an objection to same.

10. Part 5.1 of the proposed Plan, General Nonpriority Unsecured Claims, is incomplete.

11.     There is a discrepancy between the amount of the claim shown on the face of the Plan ($7,000.00) and the Proof of Claim filed by Harrison Finance ($4,268.98).

**RESPECTFULLY SUBMITTED**.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE
   POST OFFICE BOX 646
   TALLAHASSEE, FL 32302
   ldhecf@earthlink.net
   (850) 681-2734 "Telephone"
   (850) 681-3920 "Facsimile"

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been furnished by the court's current CM/ECF notice of electronic filing or first class mail to the persons/entities listed on the attached Exhibit "A", on the same date as reflected on the Court's docket as the electronic filing date for this document.

/s/Leigh D. Hart or
/s/William J. Miller, Jr.
   OFFICE OF CHAPTER 13 TRUSTEE

January 18, 2018

# EXHIBIT "A"

WILLIE JASPER CHANDLER
673 GLADE ROAD
HAVANA, FL 32333

VICKEY DENISE CHANDLER
673 GLADE ROAD
HAVANA, FL 32333

ALLEN P. TURNAGE, ESQ.
P.O. BOX 15219
TALLAHASSEE, FL 32317

U.S. DEPARTMENT OF JUSTICE
CHRISTOPHER P. CANOVA
UNITED STATES ATTORNEY
111 N. ADAMS STREET, 4TH FLOOR
TALLAHASSEE, FL 32301

U.S DEPARTMENT OF JUSTICE
OFFICE OF THE U.S. ATTORNEY
WINIFRED L. ACOSTA NESMITH,
ASSISTANT UNITED STATES ATTORNEY
111 N. ADAMS STREET, 4TH
TALLAHASSEE, FL 32301

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
950 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC 20530

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
BANKRUPTCY SPECIALIST
400 W. BAY STREET, M/S 5720
JACKSONVILLE, FL 32202

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
BANKRUPTCY SPECIALIST
CHESTER MEACHAM, JR.
400 W. BAY STREET, M/S 5730
JACKSONVILLE, FL 32202

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P. O. BOX 7346
PHILADELPHIA, PA 19101-7346

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
P. O. BOX 7317
PHILADELPHIA, PA 19101-7317

U.S. DEPARTMENT OF THE TREASURY
JACOB J. LEW
SECRETARY OF THE TREASURY
1500 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20220

THE DEPARTMENT OF THE TREASURY
1500 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20220